IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHERRY ENGINEERING, Inc. a
New Mexico Corporation,

       Plaintiff,

       v.                                                  Civil No. 13-01111 WJ/SCY

LARRY HENDERSON and
L-TECH ENTERPRISES, Inc.,
A Kentucky Corporation,

       Defendant.

### MEMORANDUM OPINION AND ORDER GRANTING DEFAULT JUDGMENT
### and
### DAMAGES BASED ON SUM CERTAIN

THIS MATTER comes before the Court upon Plaintiff's Motion for Default Judgment, filed February 17, 2014 **(Doc. 7)**.  Having considered the Plaintiff's motion, and Defendants not having responded or otherwise defended in this case, the Court finds and concludes that Plaintiff's motion is well-taken and thus, it is hereby **granted**.  Plaintiff has also provided the Court with sufficient evidence that it requests a sum certain for damages and the Court grants this relief.

### BACKGROUND

On November 18, 2013, Plaintiff filed a complaint styled as a Petition to Compel Arbitration.   On December 27, 2013, the Petition and Summons were served personally on Larry Henderson.  Doc. 3.  Also on December 27, 2013, the Petition and Summons were served on Larry Henderson as President of and on behalf of Defendant L-Tech Enterprises, Inc. on December 27, 2013 (Doc. 3).   Thus, process appears to have been effective under

Fed.R.Civ.4(e)(2)(A) (serving an individual) and Rule 4(h)(1)(B) (serving a corporation, partnership or association).

Defendants failed to serve an answer or motion within twenty-one days, as required under Fed.R.Civ.P.12 (a)(1)(A)(i).  On February 10, 2014, Plaintiff filed a Motion for Entry of Default (Doc. 5), and on February 11, 2014, a Clerk's Entry of Default was entered.  Doc. 6.   Plaintiff now seeks a default judgment against Defendant, and the Court finds that the motion has merit.

## DISCUSSION

Once a defendant is found to be in default, a court must "t[ake] as true all factual allegations in the complaint, except those pertaining to the amount of damages." *Archer v. Eiland*, 64 F. App'x 676, 679 (10th Cir. 2003).  A court is not required to accept the plaintiff's legal conclusions or factual allegations when assessing damages and must ensure that there is a legal basis for the damages specified in the default judgment.  *Klapprott v. United States*, 335 U.S. 601, 611-12 (1949).   Based on the allegations in the complaint, the Court finds that it has diversity jurisdiction over this case, pursuant to 28 U.S.C. § 1332.

The complaint alleges that Plaintiff and Defendant entered into a business agreement whereby Plaintiff agreed to provide various services related to marketing and sales for Defendant, and Defendant agreed to pay certain royalties on its total sales.  Ex. A to Compl., Doc. 1-2.  Plaintiff discovered that Defendant had received payments for at least ten sales arising from a single contract and failed to compensate Plaintiff the agreed-upon percentage amount outlined in the agreement, which amounts to $114,840.50.   On October 28, 2013, a formal demand for arbitration was to Defendant, pursuant to the business agreement.   Ex. E to Compl., Doc. 1-2 at 10. A response was never received.  Ex. F to Compl.

Under Fed.R.Civ. P. 55(b)(2), a court may set an evidentiary hearing to determine the amount of damages if such amount is not "for a sum certain or a sum that can be made certain by computation."  A hearing will not be necessary in this case.  Plaintiff has provided the Court with adequate evidence that the requested monetary relief is for a sum certain, based on copies of the parties' business agreement and documentation of the contracts at issue with related royalty amounts due to Plaintiff.   Doc. 1-2.  Plaintiffs request damages in the amount **$114,840.50** on royalties due under the business agreement and contracts; **$400.00** for the cost of the filing fee (see docket entry dated 11/18/2013, filing and administrative fees received); and **$106.00** for the cost of service of process, for a total amount of **$115,346.50.**

The Court hereby finds and concludes that Plaintiffs have satisfied the requirements of Fed.R.Civ.P.55(b), and therefore the Court hereby **grants** Plaintiff's motion for default judgment, and awards Plaintiff **Judgment** against Defendants in the amount of **$115,346.50**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE